Spina, J.
This matter came before the Court for hearing on the merits of plaintiffs petition for judicial review of an agency decision pursuant to G.L.c. 30A, §14. The Southbridge Housing Authority (Housing Authority) applied to the Southbridge Zoning Board of Appeals (ZBA) for a Comprehensive Permit under G.L.c. 40B, §§20 to 23 for the construction of twelve units (six duplex homes) of subsidized low-income family housing in Southbridge, Massachusetts. Hearings were held over three days in April and May, 1991, and on or about June 18, 1991 the ZBA denied the applications.
The Housing Authority appealed to the Housing Appeals Committee (HAC) pursuant to G.L.c. 40B, §22. The HAC held a de novo hearing over three days on September 3, 1991 , October 15, 1991 and February 27, 1992. The evidence was heard by Maurice Corman, then Chairperson of the HAC. Also in attendance during the first two days of testimony was Werner A. Lohe, Jr., HAC’s legal counsel. Orphia Sandiford, the HAC’s Administrative Clerk, was present during the third day of testimony. Mr. Corman passed away in May 1993, before rendering a decision. Attorney Lohe was appointed Acting Chairman of the HAC some time thereafter. A decision was rendered on February 16, 1994 and signed by Mr. Lohe and two members of the HAC who heard none of the testimony.
Mr. Lohe based his decision on the two days of testimony he “observed” and reading the transcript of the third day of testimony. The other two members of the HAC based their decisions on readings of the transcripts of the three days of testimony. The third day of testimony included all the expert testimony, some of which, notably that involving issues of drainage, was conflicting and irreconcilable. The HAC chose to credit the Housing Authority’s expert rather than the ZBA’s expert on that issue. The HAC acknowledged that the choice between the experts was a matter of credibility. (Administrative Record, p. 130.)
This case must be remanded to the HAC for further proceedings. Where significant issues of credibility must be resolved by the fact finder, those issues may not be resolved by merely reviewing a transcript of the testimony, or even a tape recording of the proceedings. See Salem v. MCAD, 404 Mass. 170, 174 (1989); Dowd v. Director, DES, 390 Mass. 767, 771 (1984).
Issues of credibility are not limited to evaluations of veracity, especially in matters involving opinion, or expert, testimony. The credibility of experts so often *393 depends upon the confidence the fact finder derives from the actual presentation of the witness’ testimony. Which of two plausible, even reasonable, but conflicting and irreconcilable expert opinions the fact finder chooses may very well depend on the expert’s demeanor, articulateness, delivery, presence and self-confidence even more than the words uttered. The importance of this is even reflected in the confrontation clauses of the state and federal constitutions.
For these reasons, this matter is remanded to the Housing Appeals Committee for further proceedings consistent with this opinion, pursuant to G.L.c. 30A, §14(7).